**Jose Luciano ORDINOLA HERNANDEZ; Jose Javier Ordinola Juarez, Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72639.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

 

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., Jennifer Cihon, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Jose Luciano Ordinola Hernandez and his son, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ordinola's contention that the BIA lacked authority to deny his asylum application on a different ground from that relied upon by the IJ lacks merit because the BIA has authority to review de novo "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges." 8 C.F.R. § 1003.1(d)(3)(ii). In addition, the BIA provided the required reasoned analysis of the legal basis for its holding and specification of the particular facts on which it relied. *See Stoyanov v. INS*, 172 F.3d 731, 735–36 (9th Cir.1999) (court may affirm BIA's decision on alternative ground when BIA adequately analyzes claim).

Substantial evidence supports the BIA's determination that the harm Ordinola suffered in Mexico did not rise to the level of past persecution, *see Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995), and its determination that Ordinola failed to establish that the police targeted him on account of a protected ground, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002). Because Ordinola's fear of future harm similarly is not on account of a protected ground, substantial evidence supports the BIA's finding that he does not have a well-founded fear of future persecution. Accordingly, Ordinola's asylum claim fails.

Because Ordinola failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of CAT relief because Ordinola failed to demonstrate that it was more likely than not that he would be tortured if

he returns to Mexico. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**